16-3130 USA v. Dominick Andrews Oral argument, 15 minutes per side. Mr. Sasse for the appellant May it please the court, I'm Greg Sasse I'd like to reserve three minutes for rebuttal I am, as the court said, representing Dominick Andrews What we're dealing with here is a strange legal creature called reverse stank I think it's an odious creature. It's essentially a fictitious crime In this case, agents convinced a poor black man in the ghetto that there were riches awaiting if he simply got together a couple people and robbed this fictitious stash house So we have a robbery of a fictitious stash house, of fictitious drugs and fictitious money guarded by fictitious people whom the agents said assumed they have guns So Mr. Andrews offered a plea of guilty to conspiracy to possess with intent to distribute 5 kilograms of cocaine It could have been anything the agents decided to say They could have said 50 kilograms, because there were no actual drugs He pled guilty to conspiracy to violate Hobbs Act, to further a drug offense with a gun and a gun used in a crime of violence and felon in possession of a firearm, which is the only actual physical crime that was committed so it's kind of noteworthy He faced a potential 40 years to life if he went to trial and asserted the entrapment defense and there were all kinds of tapes which the agents made sure they had which would be very difficult for him to overcome However, his plea was not accepted by the court The court said, and I quote That's not an acceptance Mr. Andrews moved to withdraw his plea prior Is there a discretionary standard of review here or is this a case about whether as a matter of law the conduct of the district judge amounted to acceptance of the plea Well, it's essentially, yes, a case whether he accepted the plea and he simply did not Is that factual, because the district court said he did accept the plea or is it legal, because what he said couldn't amount to acceptance of the plea Correct, it's factual So then we have a deferential standard of review, whereas if it were a legal question does this statement by the district judge constitute acceptance of a plea It's actually both, really because it is the legal conclusion, was it accepted but it is pinned to the fact that he did not say acceptance So yeah, I guess it's both really The legal conclusion is the important one, was it accepted Under the law, the government has argued that there shouldn't be magic words Well, there are magic words When you're getting married, if you don't say I do, you're not married You take this lawfully wedded husband and you say Well, I really like him a lot, and I like to hang out with him No, you've got to say I do The court has to accept the plea for it to be accepted The cases cited by my opponent actually battle The Fourth Circuit case stands for that, it says provisionally accepted, conditionally accepted is accepted, and that's legitimate, that's what you do with a binding plea agreement But the only case which actually supports the government's position that you don't have to say it's accepted and it's somehow accepted is the Kelser case, which is an unreported district court case where a judge was trying to correct his own error, which he admitted he made He said inadvertently I forgot to accept the plea Well, if that case had been appealed, I don't think it would have withstood review That's the basic argument, we just simply don't have a plea that was accepted prior to the defendant moving to withdraw it which he could do for any reason or no reason What is the normal practice in the Southern District of Ohio What's the normal practice, or is there a normal practice with respect to acceptance of the plea when you have a plea agreement that contains an agreed upon sentence? What do you normally do at the time of the plea colloquy, what do you normally do at the time of sentencing or is there a normal procedure in that district? Well, I was in AUSA for over 30 years in the Northern District of Ohio, Cleveland I can tell you what we did there, which was the court always said I accept the plea however, I may not accept the sentence in which case you'll have the right to withdraw the plea and that was always the procedure, it was accepted at the time it was offered conditionally, as the battle case says, depending upon whether the judge would agree to the recommended binding sentence being appropriate Well that's interesting, because at least my practice in the district court I came from was not to accept the plea at the time of the plea colloquy but rather to defer it until you'd seen the pre-sentence report and decided whether you could accept the plea agreement and sentence in accord with it you would also tell the defendant at the plea colloquy about his right to withdraw his plea if you didn't accept it, but my experience was very close to what the district judge did in this case, except I would have described it as not accepting the plea rather than accepting the plea That's very interesting, and it could be done that way, but the defendant would have the right to withdraw it before it's accepted, that's what the rules say And that's the essence of what you want as relief here, you want to withdraw the plea What if the district judge had said in addition to everything that was said, I provisionally accept your guilty plea, would you have a case then? No, or conditionally accept And then we have the additional feature here that the minutes apparently say something to that effect that the minutes for this event say that this was provisionally I can't remember whether it was provisionally or conditionally, but one or the other Well, the clerk can write anything they want, it's not part of the official proceeding So we should not consider that, then? No, not really. I think what happened here is the judge simply forgot to do it Well, he seems to say normally I would go ahead and accept the plea in making a finding of guilty, but since it's a recommended sentence we have to refer the matter to the probation department for a PSI That is what he said You can do it that way, but the defendant has the right to withdraw it until it's accepted. It's basic Can I ask you if you know who filled out this form? The minutes? I do not know I don't practice in the Southern District of Ohio In your experience, would the deputy clerk who's in the courtroom do it? You don't know? Or would the judge do it? In the Northern District, the judge doesn't do it. It's the clerk I don't know if it's the clerk who's in the courtroom Well, sometimes it's not. It kind of varies But we don't know in this case I'll ask opposing counsel. She may know I would like to spend just a very little time ranting and railing about reverse stings because I think it presses the limits of what is constitutional and what is fair to simply talk someone into a fictitious crime The agents can say, okay, 1 kilo, 10 kilos, 20 kilos, 50 kilos and the guidelines go bop bop bop and the evidence is very strong The defendant does have the ability to assert entrapment, but that's a heck of a risk with the guidelines as high as they are in these cases I look at it as kind of a bureaucratic trick because the supervisors get credit for, oh, a big case whatever, 50 kilos, 10, 20 kilos, whatever But how much good is done? How many drugs were taken off the street?  It's a waste of law enforcement resources, in addition to everything else They're not doing any good. All they're doing is generating stats to make themselves look good to make the supervisors look good and for whatever employment benefits they gain from it So if you get the relief that you want, which is to be able to withdraw your guilty plea then you're going to make these arguments Well, I'm not going to represent him, because I'm not on the CJA list in the Southern District Someone else will represent him You speaking royally for his defense You can't tell what people will do Thank you May it please the court, Kim Robinson on behalf of the United States Rule 11 does not provide any details about what the court must say to accept the plea It does provide details about what the court has to say before accepting the plea and before entering judgment But of course, before accepting the plea, it has to conduct the plea-call-it-plea outlined in Rule 11 and make the necessary findings, and before entering judgment, it has to find that there is a factual basis for the plea In the absence of clear guidance from Rule 11, all the courts to address this question have looked at the totality of the circumstances, looked at the plea transcript read in its entirety to see whether the district court accepted the plea Is it a legal question, or is it a fact question? We believe, as we outlined in our brief, that it's appropriate to give discretion to the judge's finding because there is a factual element to it. He's in the courtroom evaluating the people there The facts are undisputed, so there's also arguably a question that could be phrased as a legal question. Given what this judge did did he do enough to accept the plea? And we think that regardless of the discretionary review or de novo review that the district court judge accepted it In an ordinary case, the district court has no reason to conduct the plea-call-it-plea and make the necessary findings unless he intends to rule on whether to accept the plea You're not familiar with the procedure that I outlined? No, certainly there are judges who do that in C1C It sounds like Judge Barrett was doing that here, which is the trouble I have with the case I understand your concern. Even in C1C proceedings, though it's not necessary to defer acceptance of the plea No, it's not necessary, but many judges do. And the reason to do it would be that since the defendant has the right to withdraw the plea anyway if you don't sentence in accord with the agreed-upon sentence why go ahead and accept the plea? Perhaps the defendant would walk away with some indication from that that this was the sentence he was going to get when in fact it may, in the judge's mind, be no more likely that he's going to get the agreed-upon sentence than he's going to get some other sentence, because the judge can't know that without a pre-sentence report Certainly there are a few judges who take your approach, but I think there are two reasons I have two responses to that. One is that particularly since Rule 11 has made this more clear, that in the Supreme Court my impression is that the standard practice in the Southern District is to accept the plea and defer the plea agreement. In our office there have been a number of meetings in which we encourage the attorneys to do that, and the attorneys are reminded that that was the practice. I've seen sheets in which the attorneys had checklists for the plea hearings, and one of them was in C1C hearings, accept the plea, defer the agreement. Well of course it isn't the reason why we wouldn't want a clear rule that the district judge should state affirmatively, I accept the plea, and that when the district judge doesn't do that the plea has not yet been accepted, and the defendant can withdraw the guilty plea until the district judge does accept it. What's wrong with having that kind of a clear rule? Because the defendant should know whether the plea was accepted at that point in time or not, and not have these kind of vague words. Well I don't think those words are very vague when you say normally I would accept it, but I'm not accepting it this time, I'm postponing it or whatever it was. I mean that seems totally unambiguous to me. Going the other way then the U.S. Attorney is arguing. Yes. Please. First of all, one of the risks with any sort of a clear statement requirement is that if there are magic words required, there could be a case in which the district court judge says something that's not quite the magic words, but everybody present understands that it was accepted. If they say I'm going to go and enter judgment on the plea or something along those lines. And if all the parties understand that the plea was accepted, etc., we will stop the investigation. We will. Well you know, these are district judges we are talking about. They are highly educated. I mean if we didn't require magic words, but merely required clarity, do you think they're not up to the task? I think that the current standard provides room for that. We're looking at the entire record. I don't think we need to have anything beyond that standard. Certainly there in the usual case it will not be quite this muddy. We wish that there had been a slightly clearer statement. I just want to go on record that I believe that the district judges are as capable as, or at least most of them are as capable as most members of our court are to use words that indicate clearly what is intended. I'm sorry, I forgot about that. So you're correct that that is a statement read in isolation that indicates that the plea is being deferred, acceptance of the plea is being deferred. I would point the court to a couple of things throughout the plea proceeding. And then of course, as one of you noted, the minutes. I can address those. You had some questions about those. Who fills those out? Who fills out the minutes? I did not call the judge in this case, but my understanding based on conversations with our attorneys is that in general the deputy will fill those out and the judge reviews them. So this is different than the actual docket. How do you know the judge reviews them? There's not a signature, but that is the general practice. But even without specific knowledge that the judge... Isn't this person in the courtroom? The deputy? Yes. So I don't have a signature here indicating that that was done. No, you don't, but if you want to investigate it, I will bet dollars to donuts that this is a left-handed person. I don't know anything about CMECF in the district court, but at one time you knew who had made a docket entry. Is there any way from CMECF that you can ascertain who made the docket entry? There is a way of seeing who entered the actual docket entry in terms of who wrote order entered here, etc. But there's no way of seeing who wrote the document that's filed. And I think there's a distinction between the docket entry, which is just written by the clerk's office, and the actual document filed, which in the ordinary course of business is the words of the judge. But another problem, even if we knew hypothetically that this judge actually approved that criminal minute, the defendant doesn't know what's happening. The defendant is there in the courtroom and hears the judge saying exactly what this district judge said. Normally, I go ahead and accept the plea and make a finding of guilty, but we have to refer this to the probation department. We're going to have another proceeding. A normal defendant with not too much legal education would presume that the guilty plea has not been accepted, I would argue, from that language. And how can a criminal minute even by the judge have a different effect? The criminal minute is, of course, sent to his attorney. It's a document of the court. His attorney receives it. We assume that he gets notice of it because his attorney received it. But even without the criminal minute, his attorney made clear that his client intended to give up his right to trial that day. Nobody requested that the plea be deferred. The district court, during the plea colloquy, asked the defendant if he understood that he was, at that moment, giving up his right to trial. There was no indication that he was considering deferring acceptance of the plea and making that a later date. In the problematic statement toward the end, immediately before that, he had made a discussion of the colloquy and his findings, and immediately after that, he discussed the probation report, the sentencing, and the actual sentence, not any consideration of whether he would accept it. The actual error here, we believe, is that he admitted to, say, a plea agreement. There's a one-word difference that would make a huge difference in this case. Normally, here, I would accept the plea agreement and proceed to sentencing. Here, he said plea. Earlier in the proceeding, our own AUSA used plea and plea-age agreement interchangeably. I think there are a number of cases on this topic in which that happens. I think it's fairly common in district court proceedings for people to refer to plea agreement as plea. The emphasis on plea versus plea agreement edits out of that sentence. Normally at this time and but since? Normally at this time, I would accept the plea agreement, but since I don't have that... Well, I mean, the implication is, but since I... But here, I'm not. Right. Oh, certainly. I think you're correct. But if it were plea agreement, there would be nothing. So we think it was a simple error of speech. I also think that earlier in the proceeding, it's worth looking at the court's discussion. After the discussion of the guidelines, it discusses C1C proceedings. The district court says, normally, I couldn't say I'll tell you anything about sentencing. Here, we have a C1C proceeding, which is a recommended C. I will have to determine whether I accept the recommendation in the plea agreement. I think that the later statement of normally what I do and how this case is different in C1C proceedings has to be read in the context of his earlier discussion of C1C proceedings, in which he says, normally, the sentence is determined by the guidelines, but here, the sentence is determined by the agreement and my evaluation of it. So I think normally refers to his former practice. And I understand the court's concerns with clarity in these proceedings and with the procedure by which the defendant gives up his right to trial. As you're crafting your opinion, I would encourage you to consider the value of finality and the risk of uncertainty in these proceedings. As I said before, I think this could create situations in which a too aggressive rule could create situations in which people thought the plea had been accepted. And I think here, there's no indication that during the plea proceeding, the defendant or his attorney were confused. And certainly, the judge appeared to think he accepted it. And we stop our investigation. We stop interviewing witnesses. The evidence begins to fade. And because of the technicality later, things are opened back up, and the investigation is at a real disadvantage. I suppose if we had a clear rule, the AUSA then, in any given case, could say, hey, judge, I want to remind you that we need to have a clear statement that you're accepting the plea. The AUSA is currently trying to do that. I found that they are sometimes hesitant to address judges in what might appear to be correcting the judge. So we are certainly currently trying to do that. I don't know if a more aggressive rule from this court would do something to aid that. That's interesting, because they don't seem to have the same deference to the judges up here. We get corrected all the time. I'm sorry to hear that. The purpose of rule, I would also encourage the court in crafting the rule to look at the purpose of Rule 11, which is to protect against hastily entered pleas made with unsure heart and confused mind, not to be allowed to be withdrawn as a tactical decision. And here, he clearly made all of the necessary findings that it was not going to be withdrawn, it was not hastily entered, he was not confused about it, and that I would also point the court to Hyde, the Supreme Court opinion we cite, which talks about the great value of the Rule 11 proceedings. Given the great care with which pleas are taken under the revised Rule 11, there is no reason to view pleas so taken as merely tentative. In the vast majority of cases, there is not going to be language like this. Ordinary plea hearings, the judge conducts the colloquy, accepts the plea, and move on. C1C cases form a minority of the cases before our courts, and so language including deferral is a small minority of cases. So in crafting your rule, I urge you to consider how it would be applied in all of the cases. Thank you. I don't think it's asking too much to say if you want to accept a plea, accept it. I mean, police give Miranda warnings. Judges can say, I accept it. Do you want to hear anything more from me? My wife doesn't, I know. Only if you want to tell us something that we need to hear. It's in your hands. Thank you both for your argument. The case will be submitted and with the clerk recess court. I think we're done, right?